## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| RYAN LUKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | |
| FERGUSON FIRE & FABRICATION, ) | |
| INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RYAN LUKER ("Plaintiff" or "Luker"), files his Complaint against the Defendant, FERGUSON FIRE & FABRICATION, INC. ("Defendant" or "Ferguson"), and states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with Plaintiff's rights under the FMLA, lawful exercise of his rights under the FMLA, in retaliation for Plaintiff's protected requests, and Defendant's unlawful retaliation against Plaintiff because of his engagement in protected activity, leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA and Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

4. Plaintiff, Luker, is a citizen of the United States was at all times material, a resident of the State of Florida.

5. Defendant, Ferguson, is a For-Profit Corporation operating within this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On November 20, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), protected activity based retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On December 4, 2025 the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. In December 2024, Ryan Luker informed management at Ferguson Fire & Fabrication Inc. that his wife was pregnant, with a due date in September 2025, and that he intended to take paternity leave around that time.

13. Mr. Luker's disclosure was met with reluctance from management, and in June 2025, his supervisor, Matt McGuire, issued an unwarranted Performance Improvement Plan (PIP), which spanned exactly 90 days and coincided with the timing of Mr. Luker's anticipated leave.

14. Despite Mr. Luker successfully meeting all expectations outlined in the PIP, Ferguson extended the PIP through his paternity leave and beyond.

15. Mr. Luker raised concerns of retaliation related to his paternity leave to Morgan Kucinski in Human Resources, but no remedial action was taken.

16. Mr. Luker returned from his FMLA-covered paternity leave on or about October 21, 2025.

17. On or about October 24, 2025, a female employee of Cox Fire Protection, a customer of Ferguson, disclosed to Mr. Luker that Matt McGuire had sexually harassed her during a company-sponsored golf event, including stating, "I would fuck the shit out of you," among other inappropriate remarks.

18. On or about November 4, 2025, Mr. Luker confronted Mr. McGuire directly during

a ride-along, expressing disapproval and intent to report the conduct through Ferguson's internal channels.

19.     Following this confrontation, Mr. McGuire submitted a falsified complaint about the conversation to Human Resources.

20.     On November 7, 2025—mere weeks after Mr. Luker's return from FMLA leave and just days after opposing Mr. McGuire's sexual harassment—Ferguson terminated Mr. Luker's employment under pretext.

21.     Ferguson failed to conduct an adequate investigation into the sexual harassment allegations against Mr. McGuire and retaliated against Mr. Luker for engaging in protected activity and opposing unlawful conduct.

## Count I: Retaliation in Violation of Title VII

22.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21, above.

23.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

24.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

25.     Defendant's conduct violated Title VII.

26.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

27.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

28.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II: Interference in Violation of the FMLA

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21, above.

30. Plaintiff was an employee eligible for protected leave under the FMLA.

31. Defendant is and was an employer as defined by the FMLA.

32. Plaintiff exercised or attempted to exercise his rights under the FMLA.

33. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

34. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

35. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

## Count III: Retaliation in Violation of the FMLA

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21, above.

37. Plaintiff was an employee eligible for protected leave under the FMLA.

38. Defendant is and was an employer as defined by the FMLA.

39. Plaintiff exercised or attempted to exercise his rights under the FMLA. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

40. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Florida Bar No. 99040
**Martoccio Law Group**
2101 W. Platt St., Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Lead Counsel for Plaintiff*